HEARD NOVEMBER TERM, 1872.

## CHALK vs. PATTERSON.

Where amendments to the case proposed by appellant's attorney are prepared and served by respondent's attorney, it is the duty of the Circuit Judge to consider and allow, disallow, or modify them, whether respondent's attorney appears at the time and place of submitting the case and amendments for settlement or not. The non appearance of the attorney is no ground for regarding the amendments as abandoned.

Where the case brought up by appellant, as part of the judgment record, has never been settled in conformity with Sections 288, 292, of the Code of Procedure, the remedy, it seems, is to return the record to the Circuit Court for settlement.

A case may be settled upon affidavits and other proofs, as well as upon the minutes or personal recollection of the Judge who tried it. The power is not personal in the Judge, but belongs to the Court, and may be exercised by his successor in office.

This was an action by Thomas T. J. Chalk, plaintiff, against Giles G. Patterson, defendant, tried in the Circuit Court at Chester.

The plaintiff appealed, and the respondent gave notice that he would move this Court "to dismiss the appeal herein on the ground that the same has not been perfected according to law, and for such other relief as may be just."

The motion was now made, and was supported by affidavits, in which the facts in reference to the proceedings before the Circuit Judge for settlement of a case are stated. The ground of the motion appears in the opinion of the Court.

*McAliley & Brawley, C. D. Melton,* for the motion.

*Hamilton,* contra.

Feb. 5, 1873.   The opinion of the Court was delivered by

WILLARD, A. J.   The respondent asks relief on the ground that the case brought up, as part of the judgment record, has never been settled in conformity with Sections 288 and 292 of the Code of Procedure.

It appears that the respondent duly prepared and served amendments to the case proposed by the appellant, and that the amendments were submitted to the Circuit Judge with the proposed case. It further appears that the Circuit Judge treated the amendments as abandoned, on the ground that the respondent's attorney did not appear at the time and place of submitting the case and amendments for settlement in order to press the allowance of his amendments.

The non-appearance of the party or his attorney was no ground for regarding the amendments as abandoned. It is not necessary that a party proposing amendments should appear to sustain them. It would be onerous and unreasonable to require such appearance. The party proposing amendments is entitled to notice of the time and place of submitting a case and amendments for settlement, so that he may have an opportunity to appear, if he deems his interest to demand it, but he is under no obligation to the appellant to appear. If he does not appear, it is the duty of the Circuit Judge to consider the proposed amendments, and to pass upon the propriety of the allowance or disallowance of such amendments. The usual practice in New York is to mark such amendment either "allowed," "disallowed," or "allowed as modified," and when the amendment is "modified," the modification is made on the face of the amendment. In this way the evidence of the action of the Circuit Judge is preserved, and the party preparing the case is guided in engrossing the case as settled.

The Circuit Judge, having disregarded the amendments, the case cannot be considered as "settled," within the meaning of the Code of Procedure and the rules of Court.

This is not to be regarded as a mere irregularity committed by the Circuit Court, but as a denial to the respondent of that which may be essential to the presentation of his rights to this Court.

The record must be returned to the Circuit Court, for proper settlement of the case, upon the amendments proposed by the respondent. In the meantime the appeal will stand without prejudice.

It was urged that, as the Circuit Judge, who should have settled the case, has been succeeded in office by a Judge who has no knowledge of the case, it is impossible to settle the case properly. A case may be settled upon affidavits and other proofs, as well as upon the minutes or personal recollection of the Judge who tried it. The power of settling a case is not personal in the Judge who tries the case, but is in the Circuit Court, and may be exercised by the Judge for the time being, whether he tried the case or not. The fact that a change in the Judge renders the settlement more difficult or uncertain is no ground for the Court to refuse that which is manifestly due and essential to the respondent's rights.

*Moses,* C. J., and *Wright,* A. J., concurred.